***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACTS
1. On February 7, 2001, defendant's motion for summary judgment was heard before the deputy commissioner.
2. Prior to the date of the deputy commissioner hearing in this matter, plaintiff had executed a valid release of his claim that now operates as a bar to this action. The Release signed by plaintiff states in relevant part that:
 KNOW ALL MEN BY THESE PRESENTS, That I . . . for the sole consideration of TWO THOUSAND DOLLARS ($2,000.00) to be paid by the NORTH CAROLINA DEPARTMENT OF TRANSPORTATION have released, and discharged and by these presents do for myself . . . forever discharge the NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, its officers and employees . . . of and from any and all claims, demands, damages, actions, causes of action of whatever kind or nature, excepting only the purported inverse condemnation claim set forth in Christopher Langdon v North Carolina Department of Transportation, Polk County Superior Court File No. 98 CvS 139, on account of a landslide which began on or about June of 1995 on the property of Christopher Langdon located on State Road 1116, Hogback Mountain Road in Polk County, North Carolina, resulting in alleged damages to the aforementioned real property of Christopher Langdon and alleged damage to the reputation of Christopher Langdon.
 I, We, understand that this release is made as compromise to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatever nature, known or unknown, including future developments thereof, in any way growing our of or connected with said incident or aforementioned landslide, excepting only the aforementioned purported inverse condemnation claim set forth in Christopher Langdon v. North Carolina Department of Transportation, Polk County Superior Court File No., 98 CvS 139. We, agree that the sum paid is solely by way of compromise of disputed claims, and it is therefore specifically agreed that this release shall be a complete bar to all claims or suits for injuries or damages of whatsoever nature resulting from said incident, excepting only the purported inverse condemnation claim set forth in Christopher Langdon v. North Carolina Department of Transportation, Polk County Superior Court File No. 98 CvS 139.
3. Prior to the date of the deputy commissioner hearing, plaintiff had taken a voluntary dismissal with prejudice of his claim, and he had received payment for his damages.
4. As of the date of the deputy commissioner hearing, there was no genuine issue as to any material fact that had not already been resolved in this case.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Since this claim has already been settled, plaintiff cannot reopen his claim for a second time.
2. Since there is no genuine issue as to any material fact, defendant is entitled to judgment as a matter of law.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant's motion for summary judgment is hereby GRANTED.
2. Plaintiff's action is hereby DISMISSED WITH PREJUDICE.
3. Each side shall pay its own costs.
This the ___ day of March 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER